UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMAN-SING SINGH<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-04188-DJC-CKD<br><br><u>RELEASE ORDER</u><br><br>A# 221-389-230 |

Petitioner is an immigration detainee who received a bond hearing before an Immigration Judge in response to this Court's prior order. At the bond hearing, the Immigration Judge denied bond, concluding that Petitioner was a flight risk. Petitioner now files a habeas petition challenging the bond hearing he received, contending that it was constitutionally inadequate. ("FAP" (ECF No. 11).) For the reasons discussed below, the Court grants the Petition as to Count 2.

**BACKGROUND**

On April 3, 2026, this Court held that Mr. Singh's detention was governed by 8 U.S.C. § 1226(a) and was materially identical to past cases where the Court found Petitioner had a liberty interest and was entitled to due process. *Singh v. Andrews*, No. 1:26-cv-02349-DJC-CKD, 2026 WL 913175, at *1 (E.D. Cal. Apr. 3, 2026). This

Court ordered Respondents to provide, within five days, a constitutionally adequate bond hearing before an Immigration Judge where the "Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight." *Id.* On April 7, 2026, Petitioner received a bond hearing before an Immigration Judge who denied release, finding that Petitioner posed an "extreme flight risk." (FAP ¶ 4; Opp'n (ECF No. 7), Ex. E at 30.) Petitioner brings the instant First Amended Habeas Petition ("FAP") arguing, inter alia, that bond hearing was not constitutionally adequate. The matter is now fully briefed (FAP; Opp'n; Return (ECF No. 13); Reply (ECF No. 14)).

**DISCUSSION**

Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).

The Court therefore reviews the Immigration Judge's bond decision for clear error. In his decision, the Immigration Judge cites the correct standard as ordered by this Court in *Singh v. Andrews*, No. 1:26-cv-02349-DJC-CKD (E.D. Cal. Apr. 3, 2026), stating that the Government "met its burden to present 'clear and convincing' evidence that the Respondent poses a flight risk. (Opp'n, Ex. E, at 30.) However, a review of the decision shows that in practice, the Immigration Judge placed the burden on Petitioner rather than the Government. In his decision, the Immigration Judge begins by noting that Petitioner did not present proof of family in the United States aside from Respondent's unsupported statement that he has an uncle in the country and faults Petitioner's sponsor letter for being unsigned. (*Id.*) He then observes that Petitioner had shown no "property or other assets" or "proof of

employment." (*Id.* at 31.) Finally, he comments that Petitioner "failed to present" a compelling reason why he could be eligible for asylum despite being subject to the Circumvention of Lawful Pathway rule. (*Id.*) The bond decision, in summary, does not reflect any evidence submitted by the Government as to why Petitioner would present a flight risk but is based entirely on Petitioner's failure to submit adequate evidence.

Therefore, although the Immigration Judge recited the correct standard in his opinion, he failed to apply it. *Nat. Res. Def. Council, Inc. v. Pritzker,* 828 F.3d 1125, 1135 (9th Cir. 2016) (citation omitted) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision"). This Court and others have found that this failure constitutes a clear legal error and an abuse of discretion. *Muzahir v. Chestnut*, No. 1:26-CV-02246-DJC-CSK, 2026 WL 1949010, at *4 (E.D. Cal. July 6, 2026) (holding that the Immigration Judge failed to hold the Government to the clear and convincing standard where the that judge considered only Petitioner's lack of family ties, fixed address, relationship with is sponsor, property assets, employment history, and pathway to immigration relief); *see also Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) (finding that the "clear and convincing" standard could not likely be met where "the government never argued that Singh was a flight risk or presented any evidence to that effect"); *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017) (finding that an IJ erred by finding "clear and convincing" evidence of flight risk where the Government failed to "present any evidence to that effect"). Moreover, "[a]lthough some of the reasons the Immigration Judge cited in denying bond fall under the *Guerra* factors, the arguments made by DHS rest on considerations other courts have rejected as legally insufficient to meet the clear and convincing standard," specifically "speculation that Petitioner would be unlikely to succeed in obtaining immigration relief." *Muzahir*, 2026 WL 1949010, at *4 (citing *Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026) and *Tiboko-*

*Tifuh v. Noem*, No. 26-cv-01215-JO-DEB, 2026 WL 1603795, at *3 (S.D. Cal. June 4, 2026).

The final question is remedy. "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases). In line with the Court's past cases ordering release where the Government failed to provide the required bond hearing, the Court holds that the appropriate remedy here Petitioner's immediate release. *See, e.g., Rodriguez Bustillo v. Andrews*, No. 1:26-cv-05737-DJC-AC, 2026 WL 2225717, at *1 (E.D. Cal. Aug. 3, 2026) (explaining that a delay in providing a bond hearing "violates Petitioner's due process rights and justifies release."); *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that "Petitioner's lengthy detention without the process afforded to him under 8 U.S.C. § 1226(a) warrants release" where "the Government intentionally chose to deny Petitioner the right to a bond hearing, and there is no indication before the Court of prima facie evidence that Petitioner could be found to be a risk of flight or a danger to the community); *see also Y.S.G. v. Andrews*, No. 2:25-cv-01884-SCR, 2025 WL 2979309, at *11 (E.D. Cal. Oct. 22, 2025) (ordering release after determining that the Immigration Judge's order "did not comply with the clear and convincing standard" ordered by the court).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 11) is GRANTED as to Count 2.[1]

---

[1] In the interest of judicial economy, this Court does not address Petitioner's other claims for relief.

2. Respondents are ORDERED to immediately release Petitioner Harman-Sing Singh from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

4. The Clerk of the Court is also directed to close this action. This order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 24, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Singh1:26-cv-04188.merits